**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JEREMY CARTER,**

   **Plaintiff,**

**v.**                 Case No: **6:16-cv-1739-Orl-31TBS**

**WYNDHAM VACATION OWNERSHIP,**
**INC.,**

   **Defendant.**

## ORDER

This matter comes before the Court on the Motion to Dismiss Count III of the Complaint (Doc. 17) filed by the Defendant, Wyndham Vacation Ownership, Inc. ("Wyndham"), and the Response (Doc. 18) filed by the Plaintiff, Jeremy Carter.

**I. Background**

As alleged in the Complaint, which is taken as true for the purposes of this Order, Carter, an African American man, began working for Wyndham on August 25, 2014, as an Ownership Experience Specialist. Sometime in September, 2014, Carter attended a training course related to his role that culminated in a test. Carter was the only African American man in the course. Upon learning that he failed the test, Carter informed Wyndham that he suffered from a learning disability and requested accommodation. Wyndham refused, and Carter was fired three days later.

In Count III of the Complaint, the only Count subject to this Order, Carter alleges that his termination was the result of racial discrimination in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e. Wyndham has moved to dismiss Count III for failure to state a claim.

**II.     Legal Standard**

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim tests the sufficiency of the complaint—it does not reach the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court accepts factual allegations as true and construes the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court limits its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long Cty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

Federal Rule of Civil Procedure 8(a)(2) mandates that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Conley v. Gibson*, 35 U.S. 41, 47 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). The plaintiff must allege facts that raise a right to relief above the speculative level and indicate the presence of the required elements. *Twombly*, 550 U.S. at 555; *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). Conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the plaintiff is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.   Analysis**

Title VII prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of discrimination under Title VII a plaintiff must allege that "(1) [he] is a member of a protected class; (2) [he] was subjected to adverse employment action; (3) [his] employer treated similarly situated employees more favorably; and (4) [he] was qualified to do the job." *McCann v. Tillman*, 526 F.3d 1370, 1373 (11th Cir. 2008) (quoting *EEOC v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1286 (11th Cir. 2000)) (internal quotation marks omitted).

In his Complaint, Carter alleges no facts showing that he was fired because of his race. Just the opposite; Carter alleges that "he was discharged as a result of failing the test." (Doc. 2 ¶ 13). Further, Carter fails to allege that Wyndham treated employees who were similarly situated to Carter more favorably, and also fails to allege that he was qualified for the job.

Therefore, it is **ORDERED** that Defendant's Motion to Dismiss Count III (Doc. 17) is **GRANTED**, and Count III of the Complaint (Doc. 2) is dismissed without prejudice. Plaintiff may file an Amended Complaint on or before December 30, 2016, if he so wishes.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 15, 2016.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party