# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JEREMY CARTER,**

      **Plaintiff,**

**v.**                                                  **Case No:   6:16-cv-1739-Orl-31TBS**

**WYNDHAM VACATION OWNERSHIP, INC.,**

      **Defendant.**

## ORDER

This matter comes before the Court on the Motion to Dismiss Count III of Plaintiff's Amended Complaint (Doc. 26) filed by the Defendant, Wyndham Vacation Ownership Inc. ("Wyndham"), and the Response in Opposition (Doc. 27) filed by the Plaintiff, Jeremy Carter.

### I.     Background

#### A.     Procedural History

Carter filed his original Complaint (Doc. 2) on August 14, 2016, in Florida state court. On October 4, 2016, Wyndham removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. (Doc. 1.) On December 5, 2016, Wyndham moved to dismiss Count III of the Complaint (Doc. 17), and the Court granted Wyndham's motion on December 15, 2016. (Doc. 19.) In its Order, the Court found that Carter failed to state a claim because he alleged "no facts showing that he was fired because of his race," failed "to allege that Wyndham treated similarly situated employees more favorably," and failed "to allege that Carter was qualified for the job." (Doc. 19 at 3.) The Amended Complaint (Doc. 21) does little to cure these defects.

### B. Background

As alleged in the Amended Complaint (Doc. 21), which is taken as true for the purposes of this Order, Carter, an African American man, began working for Wyndham on August 25, 2014, as an Ownership Experience Specialist. Sometime in September 2014, Carter attended a training course related to his role that culminated in a test. Upon learning that he failed the test, Carter informed Wyndham that he suffered from a learning disability and requested accommodation. Wyndham refused to provide accommodation and subsequently fired Carter because he failed the test. Carter was one of two African Americans in the class, and he was the only African American man.

In Count III of the Amended Complaint (Doc. 21), the only Count subject to this Order, Carter alleges that his firing was the result of racial discrimination in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e. Wyndham has moved to dismiss Count III for failure to state a claim.

## II. Legal Standard

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim tests the sufficiency of the complaint—it does not reach the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court accepts factual allegations as true and construes the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court limits its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long Cty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

Federal Rule of Civil Procedure 8(a)(2) mandates that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to give the defendant fair

notice of what the claim is and the grounds upon which it rests. *Conley v. Gibson*, 35 U.S. 41, 47 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). The plaintiff must allege facts that raise a right to relief above the speculative level and indicate the presence of the required elements. *Twombly*, 550 U.S. at 555; *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). Conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the plaintiff is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**III. Discussion**

As the Court noted in its previous Order (Doc. 19), Title VII forbids employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A prima facie case of discrimination under Title VII is established when a plaintiff sufficiently alleges that "(1) [he] is a member of a protected class; (2) [he] was subjected to adverse employment action; (3) [his] employer treated similarly situated employees more favorably; and (4) [he] was qualified to do the job." *McCann v. Tillman*, 526 F.3d

1370, 1373 (11th Cir. 2008) (quoting *EEOC v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1286 (11th Cir. 2000)) (internal quotation marks omitted).

Here, Carter's Amended Complaint remains defective. While Carter alleges that he is a member of a protected class who suffered an adverse employment action, Carter still fails to sufficiently allege that other, similarly situated employees were treated more favorably or that he was qualified for the job.

To determine whether other employees were similarly situated to Carter, the Court evaluates "whether [other] employees are involved in or accused of the same or similar conduct and are disciplined in different ways." *McCann*, 526 F.3d at 1373 (citations and quotations omitted). Thus, a sufficient comparator to Carter would be an employee who failed the test, but was not fired.[1] Carter provides no such comparator. Indeed, the only other employee provided by Carter is an African American woman, and Carter provides no information as to the result of her test or whether she was fired.

Turning to whether Carter was qualified for the job, the Amended Complaint is contradictory at best. Carter alleges that "he was discharged as a result of failing the test,"[2] (Doc. 21 ¶ 13), but also alleges that "he was qualified and met the requirements for the job." (Doc. 21 ¶ 25.) As currently alleged, the test appears to have been one that determined whether a person was qualified for a position at Wyndham. And, having failed that test, it is unclear whether Carter was in fact qualified for the job.

---

[1] The Amended Complaint is unclear as to whether the test was required to continue employment that had already begun, to obtain a new position, or both. Paragraph 13 provides that "Plaintiff failed the test and he was discharged as a result of failing the test," but ¶ 26 states that Carter "was not hired for the position."

[2] Presumably because the test indicated that he was not qualified.

Thus, the Court finds that Carter has failed to allege sufficient facts to state a claim of discrimination under Title VII. It is therefore,

**ORDERED** that Defendant's Motion to Dismiss Count III (Doc. 26) is **GRANTED**, and Count III is dismissed without prejudice. Plaintiff may file an Amended Complaint on or before February 3, 2017, if he so wishes.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 19, 2017.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party